UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Emma V.C.,                                                          No. 26-cv-00964-SRB-DLM

    Petitioner,

v.                                                                  **ORDER**

Pamela Bondi, *et al.*,

    Respondents.

Before the Court is Petitioner Emma V.C.'s ("Petitioner") Petition for a Writ of Habeas Corpus. (Doc. #1.) For the reasons below, the Court GRANTS the habeas petition.

## Background

Petitioner is a citizen of Ecuador. She entered the United States in November 2023. Petitioner has a pending asylum application and does not have a final order of removal. On February 2, 2026, Petitioner was arrested in the District of Minnesota by immigration officials acting as part of Operation Metro Surge. There is no evidence that she was the subject of a judicial or administrative warrant, and she has not been afforded a bond hearing. Respondents' position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2).

## Analysis

A court may issue a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And district courts have authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). That power "includes jurisdiction to hear habeas challenges to immigration-related detention." *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025). "The burden is on the petitioner to prove illegal detention by a preponderance of the evidence." *Id.*

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226. This Court finds that because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the country in similar cases, by the only Court of Appeals to have addressed the issue, and by many courts in this district.

Although the Court has considered the arguments raised by the government, and reviewed the authority cited in this and in other cases, the Court declines to repudiate the analysis of the majority of courts to have considered the matter. Of course, these issues are complex. But the Court believes that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Petitioner or others who are similarly situated, and her mandatory detention under that provision is not supported by the law.

The Court further concludes that immediate release is the appropriate remedy. As U.S. District Judge Eric Tostrud recently explained, "[s]ection 1226 provides that '*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). Judge Tostrud concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* In *Ahmed M.*, the petitioner had been rearrested with no warrant and no allegation of a violation of the conditions of his previous release. Therefore, the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order (Dkt. 8), Jan. 12, 2026) (same). The Court agrees with the reasoning of these cases. "Upon information and belief, Respondents had no such warrant." (Doc. #1, p. 12.)

Finally, Respondents have initiated removal proceedings against Petitioner and request that

> If this Court orders release, the Respondents respectfully submit that the agency should be allowed to impose conditions necessary to secure Petitioner's appearance and participation in removal proceedings. . . . [B]ecause Petitioner is in removal proceedings, it is standard for the agency to retain any foreign-issued identification documents (i.e., a passport) to effectuate a final order of removal if and when that decision is reached. Voss Decl., Ex. B. Respondents respectfully request that any Order for relief from this Court not require return of foreign-issued documents, other than through the standard procedures applicable in removal proceedings.

(Doc. #4, pp. 1-2.) Respondents cited no legal authority to support these requests. The Court agrees with Petitioner that "[b]ecause the government lacks authority to detain Petitioner and concedes there is no final order of removal, it has no legal basis to retain her passport or other identification" or to impose conditions of release. (Doc. #6, p. 4.) The Court finds that Respondents shall not impose conditions on Petitioner's release or retain Petitioner's foreign-issued documents.

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's Petition for a Writ of Habeas Corpus (Doc. #1) is **GRANTED**.

2. The Court declares that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and enjoins Respondents from denying release or other relief on the basis that she is subject to such mandatory detention.

3. Respondents shall immediately return Petitioner to Minnesota if they have not already done so, but no later than 48 hours from the date of this Order.

4. Respondents shall immediately release Petitioner upon her return to Minnesota, but no later than 72 hours from the date of this Order.

5. Prior to Petitioner's release, Respondents must first notify Petitioner's legal counsel within two hours of her impending release and include the location of her release and approximate release time.

6. When Petitioner is released, Respondents must return to her any property and documents that they have taken from her, including identity documents and immigration documents.

7. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release.

8. Respondents shall confirm Petitioner's release with the Court within 72 hours from the date of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 10, 2026                                *s/Stephen R. Bough*
                                                                            Stephen R. Bough
                                                                            United States District Judge